[*General Term, April*, 1872.]

CATHERINE EICHENLAUB, EXECUTRIX, *v.* JACOB GARDNER.

Where a set-off alleged in an answer to a petition on a promissory note is denied by the plaintiff, and this denial compels the defendant to incur costs in procuring evidence to establish his claim:

*Held*, that the costs incurred by the defendant are properly chargeable to the plaintiff, though he obtain judgment on the promissory note.

*Forrest & Lindemann*, for plaintiff.

*A. J. Pruden*, for defendant.

O'CONNOR, J. This is a proceeding in error to reverse a judgment rendered at Special Term.

The action was upon a promissory note. The defendant filed a general denial and also a set-off. The plaintiff replied, denying the set-off. By reason of this denial of plaint-

iff, the defendant was obliged to subpena a large number of witnesses. Judgment was rendered for the plaintiff on the note, and the set-off of defendant in great part allowed. Considering that the defendant was compelled, in consequence of the denial of the plaintiff of a just set-off, of which the plaintiff had notice, to subpena a large number of witnesses to prove said set-off, the court, in rendering judgment for plaintiff, made it a part of the judgment that the plaintiff should pay the costs of the defendant's witnesses as to the set-off. To this the plaintiff excepted, and the only question before us is, whether the court had the authority to render such judgment against the prevailing party to pay the costs of the witnesses of the losing party.

The petition in error is a singular one. It states that judgment was rendered in the case for the defendant, when it should have been for the plaintiff. The fact is that judgment was rendered for the plaintiff, on her claim, and for the defendant on his set-off; and the court gave judgment for costs against the plaintiff on that part of the case where the plaintiff was the losing party and the defendant the prevailing party.

The only sections in the code applicable to the question are found on pages 1117 and 1118, sections 551, 553, and 554.

Section 551 provides: Where it is not otherwise provided by this and other statutes, costs shall be allowed, of course, to the plaintiff upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific real or personal property.

Sec. 553. Costs shall be allowed, of course, to any defendant upon a judgment in his favor in actions mentioned in the last two sections.

Sec. 554. In other actions the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable.

Now, so far as the set-off of the defendant was a question

before the court, the defendant was substantially a plaintiff, and might have been the plaintiff in a separate action.

Section 95 of the code provides that, " if the defendant omit to set up the counter-claim or set-off, he can not recover costs against the plaintiff in any subsequent action thereon."

Now, under this section the implication is absolute, that if the defendant *does* set up his counter-claim or set-off, and recovers thereon, he *shall be* entitled to costs, the same as if he had recovered as plaintiff in any other action.

The defendant in this case having recovered his set-off, his costs as to such recovery were properly taxed to the plaintiff.

Judgment affirmed.